FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 NOV 29  A 10: 38

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MELVIN VICKERS, JR.,

        Petitioner,

vs.                                  CIVIL ACTION NO.: CV205-130

JOSE M. VASQUEZ, Warden,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Melvin Vickers, Jr. ("Vickers"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Vickers asserts that the Bureau of Prisons ("BOP") has incorrectly calculated his good conduct time. Specifically, Vickers contends that the BOP's interpretation of the "good conduct time statute", 18 U.S.C. § 3624(b)(1), has deprived him of good conduct time that he is entitled to receive. Vickers contends that the plain language of § 3624(b)(1) requires that he receive 54 days of good conduct time for every year of imprisonment to which he was sentenced. The BOP has interpreted § 3624(b)(1) to mean that "54 days of [good conduct time] may be earned for each full year [actually] served on a sentence [.]" Program Statement No. 5880.28.

    This statute, in pertinent part, states:

    [A] prisoner who is serving a term of imprisonment of more than one year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term[.]

AO 72A
(Rev. 8/82)

18 U.S.C. § 3624(b)(1). In a case of first impression in this circuit, the Eleventh Circuit Court of Appeals held that the plain text of § 3624(b)(1) is ambiguous, but the BOP's interpretation of this statute is reasonable and "due to be affirmed[.]" Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005). The Eleventh Circuit also held that the rule of lenity[1] is not applicable because of the BOP's reasonable interpretation of § 3624(b)(1). Id. Thus, Brown's petition, in which he sought credit for additional days of good conduct time, was appropriately denied.

Based on the Eleventh Circuit Court of Appeals' holding in Brown, Vickers' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DENIED**.

**SO ORDERED**, this 29th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Vickers urges the Court to adopt the reasoning of Moreland v. Federal Bureau of Prisons, 363 F. Supp.2d 882 (S.D. Tex. 2005), in which the District Court for the Southern District of Texas concluded that section 3624(b)(1) is ambiguous and that the rule of lenity applies to the interpretation of this statute. This Court is bound by the Eleventh Circuit Court of Appeals' decision in Brown and declines to adopt the reasoning of Moreland.